**Charles PACE, Petitioner,**

v.

**BONNEVILLE POWER ADMINISTRATION, Respondent.**

**No. 08–74269.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 19, 2010.

Charles Pace, Challis, ID, pro se.

Ellen J. Durkee, Robert Lundman, U.S. Department of Justice, Washington, DC, William Wright Kinsey, Bonneville Power Administration Office of General Counsel, Portland, OR, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Charles Pace petitions pro se for review of the Bonneville Power Administration's ("BPA") August 12, 2008 Record of Decision adopting a reasonable and prudent alternative to avoid jeopardy to a number of fish species listed as endangered or threatened under the Endangered Species Act. We have jurisdiction under 16 U.S.C. § 839f(e)(5). We review de novo the issue of standing to sue. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 867 (9th Cir.2002). We dismiss the petition for review.

Pace failed to establish his standing under Article III, which is a prerequisite to his proceeding in this court. Specifically, Pace failed to establish that he suffered concrete and particularized injury that is actual or imminent, a causal connection between the injury and the conduct of which he complains, and the likelihood that a favorable decision will redress the alleged injury. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (setting forth elements of standing); *Nw. Envtl. Defense Ctr. v. Bonneville Power Admin.,* 117 F.3d 1520, 1527–28 (9th Cir.1997) (recognizing that petitioners of final BPA decision established standing on direct review in this court, and thus the court's subject matter jurisdiction, by submitting affidavits to the court).

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.